**MORANIA NO. 4, INC. and Morania Oil Tanker Corp., Plaintiffs,**

v.

**TUG McALLISTER SISTERS, her engines, boilers, etc., in rem, and McAllister Brothers, Inc., in personam, and United States of America, Defendants and Third–Party Plaintiffs,**

v.

**M/V MELVIN H. BAKER, her engines, boilers, etc., in rem, Seaways Shipping Co. and Skaarup Shipping Corporation, Third–Party Defendants.**

**No. 89 Civ. 7916 (RPP).**

United States District Court, S.D. New York.

Dec. 30, 1991.

Kenny, Stearns & Broderick by Stephen J. Buckley, New York City, for plaintiffs.

Hill, Betts & Nash by Arthur J. Blank, Jr., New York City, for defendants and third-party plaintiffs Tug McAllister Sisters and McAllister Bros., Inc.

Torts Branch, Civ. Div., U.S. Dept. of Justice by Janis G. Schulmeisters, New York City, for defendant and third-party plaintiff U.S.

Walker & Corsa by Christopher Mansuy, New York City, for third-party defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Third–Party Defendant M/V MELVIN H. BAKER, *in rem*, ("BAKER"), moves pursuant to Rule 59(a) of the Federal Rules of Civil Procedure with respect to the Court's conclusions of law Nos. 75 and 76 in its decision dated and entered November 15, 1991, and such other findings and conclusions as pertain thereto.

Said motion is opposed by Defendants and Third–Party Plaintiffs Tug McALLISTER SISTERS and McALLISTER BROTHERS, INC. and Defendant United States of America. Defendant United States of America cross-moves that the Court order that new briefs keyed to a full trial record be submitted by the parties and that a new decision be rendered by the Court with respect to it.

■ In its Findings of Fact and Conclusions of Law, the Court considered the testimony of Captain Codd cited in the Third–Party Defendant's memorandum of law, but it concluded based on all the evidence that the BAKER was south of Buoys 38 and 39 and on the eastern side of the channel when Captain Codd maneuvered farther to his starboard. Codd Dep. dated April 27, 1990 at 83–85. The testimony of Captain Temple, in effect a disinterested witness, as to the BAKER's position at the time he first observed it tends to confirm this conclusion of the Court. Under these circumstances, the Court applied the rule of *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 136, 22 L.Ed. 148 (1874), *overruled on other grounds, United States v. Reliable Transfer Co.*, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975); *Tug Ocean Prince v. United States*, 584 F.2d 1151, 1160 (2d Cir.1978), *cert. denied*, 440 U.S. 959, 99 S.Ct. 1499, 59 L.Ed.2d 772 (1979); *Ira S. Bushey & Sons v. United States*, 172 F.2d 447 (2d Cir.1949). Since there is more than adequate evidence to support the findings and conclusions of the Court, the Third–Party Defendant's motion for a partial new trial is denied.

■ Defendant United States of America submits that because the Court found that Captain Codd had been on duty for a total of over 12 hours, since 0000 hours on May 22–23, 1989, there was a violation of 46 U.S.C. § 8104(h) and 46 C.F.R. 15.705(d) and the rule of *The Pennsylvania* applies. This constitutes no reason to consider a new briefing. The Court found the McALLISTER SISTERS and Captain Codd primarily responsible for the accident, so no additional grounds for its liability need be found. The Court was not directed to any authority that held that if Captain Codd's duty had been interrupted by a three-hour nap, a violation of the statute would have occurred.

Defendant United States of America's submission that the depth of the river channel in the area of the accident was in excess of 30 feet is similarly irrelevant. The draft of the Morania was less than the depth of 24.3 feet at mean low water for the entire channel. Accordingly, Captain Codd would not have expected danger if he judged he was in the channel at the time of the accident, at which time the Court found he was not in the channel.

As for the position of buoy 34A on Chart 12348, Defendant United States of America fails to comprehend that Chart 12348's de-

piction of "the westerly limit of the circle depicting the approximate position of buoy 34A [as] tangent to the eastern channel line," Schulmeisters Aff. dated December 11, 1991 at 4, when in fact this channel buoy was some 50 feet farther east, would cause a pilotage navigator having passed buoy 34 and facing north on a narrow channel to be misled as to the channel's easterly limit below buoy 34A.

The Court will not order a rebriefing with citations to the transcript as requested. The parties elected to proceed without transcripts. It is too late now to recant that decision.

The motions are denied.

IT IS SO ORDERED.